While engaged in the scope and course of his employment with defendant W. Horace Williams Co. in the construction of Camp Polk, on March 26, 1941, plaintiff sustained an injury by falling from a ladder. He sues the defendant and its insurer for compensation for total and permanent disability, at the maximum rate of $20 per week for a period not to exceed 400 weeks, as the result of the injury so received.
Plaintiff alleges that he was injured by falling about ten feet, from a ladder, striking his back on the edge of the floor of the building on which he was working as a carpenter. He alleges that the fall caused a severe injury to the lower part of his back in the sacro-iliac region, causing him to have constant pain in the right part of his back with numbness in his right hip and leg, necessitating the use of crutches in walking, thus disabling him from doing any reasonable work.
The defendants, in answer, admit that plaintiff fell from a ladder and sustained an injury to his back, but aver that the injury so received was minor in nature; they further aver that they paid plaintiff compensation at the rate of $20 per week for a period of six weeks, being the period of his temporary disability. They deny that plaintiff was totally and permanently disabled by the fall and allege that he has been fully paid for the said injury and they have been fully discharged from any further liability.
Upon these issues, the case was tried, resulting in a judgment in favor of defendants and against the plaintiff, dismissing plaintiff's suit. He has appealed.
It is admitted by both plaintiff and defendants that the sole question before this court is the extent of plaintiff's injury, that is, whether it was temporary and of short duration for which he has been fully paid or of a permanent character.
There were two lay witnesses who testified in the case, that is, plaintiff and one of his friends. Six doctors testified in the case, three on each side.
Plaintiff gave an account of how he fell from the ladder and was hurt. After the fall, he was picked up and taken to the defendant's temporary camp hospital and was there treated by the company doctors for six weeks, the treatment consisting mostly of heat applications to his back. Plaintiff *Page 721 
testified that he is still suffering and is still unable to do any work, complaining of constant pain in the lower part of his back, on his right side, especially when he moves around or stoops over. On the day of trial, he was using crutches.
The other lay witness testified that he was a friend and neighbor of plaintiff; that he did not witness the accident; that prior to the accident plaintiff was an active and fast young man; that there was nothing physically wrong with the plaintiff that he could do twelve hours a day of hard work; that since the accident plaintiff hasn't done any work to his knowledge.
The three doctors who were called by plaintiff, Drs. Strother, Reid and Marcello, examined the plaintiff on one or two occasions, and most of their testimony is based on subjective symptoms given them by plaintiff as to his suffering pain in his back on the application of pressure and on his bending forward or being subjected to other movements of the body.
Dr. Strother gave his opinion as to plaintiff's condition almost entirely on what plaintiff said as to his suffering pain in his back and hip. He states that he stripped the plaintiff, and applied pressure in the regions complained of by the plaintiff; that plaintiff's "muscles seemed to be stiff and his leg was sore in the hip", and there "seemed" to be tenderness "in his back part". The doctor, however, admits that he based his opinion that plaintiff was not able to work purely on plaintiff's "say so". That he did not try to confirm or disprove anything which plaintiff said. He further stated that he did not find any objective symptoms or any anatomical disorder or change from normalcy which would or could cause the pain of which plaintiff complained, and that his examination was purely superficial by pressure.
On May 30, Dr. Reid examined the plaintiff and had an X-ray picture made. The X-ray was negative to any bony involvement, dislocation or fractures. His testimony relative to plaintiff's complaint is about the same as that of Dr. Strother, that the complaint was based purely on subjective symptoms; that it is a matter of guessing whenever there is no physical evidence. He states that if the plaintiff was actually suffering pain and disability as he claimed, then the only reason that he can assign for such would be some muscular strain or nerve involvement, which such condition in this case, from the X-ray picture, would be of temporary character, and ordinarily would clear up in four to six weeks. After so testifying, Dr. Reid examined plaintiff during a recess of the court, and testified that as a result of the examination, he again found no objective symptoms but that the subjective symptoms were all practically the same, and that the greatest tenderness was more marked over the sacro-iliac region, and that plaintiff claimed that he could not bend forward any more than about a forty-five degree angle without too great pain.
Dr. Marcello testified that he examined the plaintiff in November or December of 1941, and also on the day of trial together with Drs. Reid and Strother. His testimony is about the same as that of Dr. Reid; that is, he found pain on pressure over the sacro-iliac joint, purely subjective symptoms, however.
The testimony of these three doctors is based almost entirely upon the complaint of pain made by the plaintiff to them while they were applying pressure over various parts of his body and while he was undergoing various movements to which they subjected him in their examination. These three doctors would not undertake to say that plaintiff was faking, nor would they undertake to make a positive statement that he was actually disabled. None of these doctors testified that they had treated the plaintiff or prescribed any treatment.
The three doctors for defendants, Dr. Dew, who was in charge of the temporary hospital and who had the plaintiff under treatment and observation, Dr. Cox, who also examined and had plaintiff under observation at the camp hospital, and Dr. Hardy, who had plaintiff for observation and examination at the Baptist Hospital in Alexandria, could find no fracture nor dislocation of any bone in the sacro-iliac region, or anywhere else, which would cause the pain and disability claimed by plaintiff. X-rays were made which showed no abnormalities in that region. These doctors could find nothing in plaintiff's condition to warrant a conclusion that he was disabled or suffered pain on bending or moving of the body. They all agreed that the accident produced a minor injury of short duration and that he had fully recovered at the end of six weeks, classifying the injury as temporary only.
This case presents purely a question of fact. In deciding this case, the trial judge undoubtedly came to the conclusion that plaintiff was either faking or exaggerating *Page 722 
his condition to such an extent as to make his complaints unworthy of belief. Such a conclusion, in our opinion, considering the evidence in the record, is not manifestly erroneous, as he was in a much better position than we are to know whether or not plaintiff was faking pain and/or exaggerating his condition.
For these reasons, the judgment appealed from is affirmed.
LE BLANC and OTT, JJ., concur.